IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| IN RE: ) | |
| ) | |
| JOSHUA IRVIN STOCK ) | Case No. 17-41230-drd-7 |
| And MALLORY ANN STOCK, ) | |
| Debtors. ) | |
| ) | |
| _____ ) | |
| ) | |
| STATE OF KANSAS, *ex rel.*, ) | |
| Lana Gordon, Secretary of Labor, ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | Adversary No. 17-4130 |
| ) | |
| JOSHUA IRVIN STOCK, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

Before this Court is the Motion for Summary Judgment (the "Motion") filed by State of Kansas, *ex rel.*, Lana Gordon, Secretary of Labor (the "Plaintiff" or "KDOL")) against Joshua Irvin Stock (the "Defendant" or "Debtor"). The Plaintiff initiated the adversary proceeding seeking a determination that damages found owed to it for overpayment of unemployment benefits in a prior administrative action be deemed nondischargeable pursuant to 11 U.S.C. §523(a)(2)(A). This Court has jurisdiction over the matter pursuant to 28 U.S.C. §§ 1334(b) and 157(a) and (b). This is a core proceeding which the Court may hear and determine pursuant to 28 U.S.C. §§ 157(b)(2)(I). In accordance with Rule 7056 of the Federal Rules of Bankruptcy Procedure and for the reasons set forth below, the Court grants the Motion.

I.      FACTUAL BACKGROUND

Debtor applied for and received unemployment benefits for the weeks of November 14, 2015 through April 2, 2016. He filed a separate request for benefits each week and answered the weekly claim questions. The relevant questions are "were you physically able to work four or more days during the week being claimed?" and "were you available for work, with no undue restrictions, for four or more days during the week being claimed?" Debtor answered those questions in the affirmative for each week. Per Plaintiff's Exhibit #5, the KDOL received correspondence from VHC Van Hoecke Contracting, Inc., disputing that Debtor was eligible for benefits. This triggered a fraud investigation by the KDOL. The KDOL asserts that it mailed to Debtor at his last known address that it had on record an Able and Available Statement: Medical; a Health Care Provider's Certification; an Unemployment Audit Notice stating that the employer had reported Debtor was disabled during the claimed weeks; an Examiner's Determination that he was found ineligible for benefits because he was not available for work and advising Debtor of his appeal rights. The Examiner's Determination found that Debtor "willfully and knowingly made false representations to receive benefits not due." Debtor did not respond to any of the correspondence, nor did he appeal the Determination and it became final. Debtor contends that he did not receive any of the correspondence mailed to him by the KDOL and that he lives in a rural area with unreliable mail service.

On May 3, 2017, Debtor commenced his Chapter 7 bankruptcy case. The KDOL filed an adversary proceeding seeking non-dischargeability of the unemployment benefits Debtor had received and it filed a motion for summary judgment on the matter. In the Motion, Plaintiff seeks a determination that the matter was litigated at the administrative level so Debtor is collaterally estopped from relitigating the issue and that the entire debt owed to it by Debtor should be

nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A). Debtor opposes the Motion on the grounds that issue preclusion is not applicable because the fraud determination made by the KDOL was unsupported by evidence and that Debtor never received any of the correspondence in the investigation or the Examiner's Determination.

## II.  LEGAL ANALYSIS

### A.  Standard for Summary Judgment

Bankruptcy Rule 7056, applying Federal Rule of Civil Procedure 56(c), provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *See Celotex v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party has met this burden, the non-moving party must set forth specific facts sufficient to raise a genuine issue for trial, and may not rest on its pleadings or mere assertions of disputed facts to defeat the motion. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). When reviewing the record for summary judgment, the court is required to draw all reasonable inferences in favor of the non-movant. *Bank Leumi Le-Israel, B.M. v. Lee*, 928 F.2d 232, 236 (7th Cir. 1991).

### B. Issue Preclusion

The KDOL has pleaded an exception to discharge claiming that the debt owed to it should be nondischargeable as it was incurred as a result of Debtor's false pretenses, false representations and/or actual fraud pursuant to § 523(a)(2)(A), and that the agency's previous determination of such should be entitled to collateral estoppel effect.

Section 523(a)(2)(A) of the Bankruptcy Code states that:

(a) A discharge under section 727, 1141, 1128(a), 1128(b), or 1328(b) of this title does not discharge an individual debtor from any debt-

3

...

    (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by,-

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

11 U.S.C. § 523(a)(2)(A).

To prevail under § 523(a)(2)(A) the creditor must prove the following elements:

1) that the debtor made a representation;

2) that at the time the debtor knew the representation was false;

3) that the debtor made the representation deliberately and intentionally with the intention and purpose of deceiving the creditor;

4) that the creditor justifiably relied on such representation; and

5) that the creditor sustained the alleged loss and damage as the proximate result of the representation having been made.

*In re Maurer*, 256 B.R. 495, 500 (B.A.P. 8th Cir. 2000); *Merchants Nat'l Bank v. Moen (In re Moen)*, 238 B.R. 785, 790 (B.A.P. 8th Cir. 1999) *(citing In re Ophaug*, 827 F.2d 340 (8th Cir. 1987), *as supplemented by Field*, 516 U.S. at 71). Preponderance of the evidence is the standard by which a case must be proven to prevail on a claim under § 523(a)(2)(A). *In re Nelson,* 357 B.R. 508, 513 (B.A.P. 8th Cir. 2006); *see also Moen*, 238 B.R. at 791 *(citing Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991)). Exceptions to discharge are normally to be construed narrowly against the creditor and liberally in favor of the debtor, thus effectuating the fresh start policy of the Code. *Van Horne*, 823 F.2d at 1287. However, "[t]he Bankruptcy

Code has long prohibited debtors from discharging liabilities incurred on account of their fraud, embodying a basic policy animating the Code of affording relief only to an 'honest but unfortunate debtor'." *Moen*, 238 B.R. at 792 *(quoting Cohen v. De La Cruz,* 523 U.S. 213,118 S.Ct. 1212, 1216 (1998)). Although the Court is persuaded that there is sufficient evidence for it to find that the KDOL established the elements of its § 523(a)(2)(A) claim, there is no need for the Court to analyze the facts as they relate to each § 523(a)(2)(A) element individually because it agrees that the administrative decision of the KDOL is entitled to collateral estoppel effect. Under Kansas law[1], collateral estoppel may be invoked where the following is shown: (1) a prior judgment on the merits which determined the rights and liabilities of the parties on the issue based upon ultimate facts as disclosed by the pleadings and judgment, (2) the parties must be the same or in privity, and (3) the issue litigated must have been determined and necessary to support the judgment. *Huelsman v. Kansas Dep't of Revenue*, 267 Kan. 456, 458, 980 P.2d 1022, 1024 (1999). Preclusion doctrines can be applied to administrative decisions when an agency is acting in a judicial capacity and there were sufficient due process protections. *See Application of Fleet*, 293 Kan. at 789; *see also, e.g.*, Bowen v. U.S., 570 F.2d 1311 (7th Cir. 1978); *Moore v. Allied Chemical Corp*., 480 F. Supp. 377 (E.D. Va. 1979) (court held that plaintiff's admissions in an OSHA hearing and litigation did collaterally estop him from maintaining his later action because he had a full and fair opportunity to litigate the Administrative Judge's findings of facts ); *Kolander v. Weeks*, 916 F. Supp. 1042 (D. Or. 1996) (recipient had a full and fair opportunity

---

1 The law of the forum state applies when deciding if collateral estoppel is applicable. Courts look to the substantive law of the forum state in applying the collateral estoppel doctrine, giving a state court judgment preclusive effect if a court in that state would do so. .*A.H. ex rel. Hubbard v. Midwest Bus Sales, Inc.,* 823 F.3d 448, 453 (8th Cir. 2016) (citing *In re Scarborough,* 171 F.3d 638, 641 (8th Cir.1999)). Collateral estoppel is also referred to in some cases as issue preclusion. *See In the Matter of the Application of Fleet for Relief from a Tax Grievance in Shawnee County, Kansas,* 293 Kan. 768 (2012).

to be heard before a hearing officer acting in a judicial capacity in a formal administrative proceeding, thus a preclusive effect must be given to the state agency's determination); *Barnes v. Oody*, 514 F. Supp. 23 (E.D. Tenn. 1981)(factual findings of an administrative tribunal are accorded collateral estoppel effect when the tribunal is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate).

The Examiner's Determination found that "[b]enefits were paid because you reported you were able and available for work; however, an investigation has found you ineligible for benefits because you were not available for work." It further determined that "[i]t is determined that you willfully and knowingly failed to disclose a material fact, or made a false statement or representation to receive benefits not due; therefore, you are disqualified beginning 04-03-2016 and ending 04-10-2021." Based on that finding and determination, and the claimed damages in that amount of $11,850.00, the agency's Examiner's Determination established that Debtor's conduct met elements one, two, three and five of § 523(a)(2). Debtor admitted in his answer that he affirmatively answered the questions "were you physically able to work four or more days during the week being claimed?" and "were you available for work, with no undue restrictions, for four or more days during the week being claimed?" Thus, the first collateral estoppel element-- that a prior judgment on the merits which determined the rights and liabilities of the parties on the same issue was entered in the agency determination—is established.

The remaining issue to be resolved, because it was not resolved by the agency determination and thus not covered by collateral estoppel, is whether there is a genuine issue of material fact as to element four of §523(a)(2)(A)- that the KDOL justifiably relied on Debtor's representation. That the agency justifiably relied on Debtor's false representation was shown by the affidavits of

6

the KDOL employees that the agency relies on a claimant's answers regarding employment and wages in determining eligibility for unemployment benefits. Debtor presented no evidence to the contrary.

There is no dispute that the parties are the same-- KDOL and Debtor--which meets the second collateral estoppel element. Similarly, the issue litigated-- whether Debtor "willfully and knowingly failed to disclose a material fact or made a false statement or representation to receive benefits not due"-- was clearly necessary to the agency determination. Once the agency makes such determination a claimant is barred from receiving unemployment benefits for a period of five years and incurs a penalty in the amount equal to 25% of the benefits amount unlawfully received. Thus, for the KDOL to make its determination and levy penalties, it is necessary for it to find fraud on the part of the claimant.

The Court also finds that Debtor had a full and fair opportunity to litigate the issue at the administrative level. Debtor contends that he did not receive any of the notices and correspondence because his rural mail service is unreliable. However, the evidence shows that the KDOL mailed to him at his address on file (and what is also his current address on record with this Court) an Able and Available Statement: Medical; a Health Care Provider's Certification; an Unemployment Audit Notice stating that the employer had reported Debtor was disabled during the claimed weeks; an Examiner's Determination that he was found ineligible for benefits because he was not available for work and advising Debtor of his appeal rights. The evidence also supports that none of the documents was returned to the KDOL as undeliverable which is evidence that they were in fact delivered to Debtor's last known address.

Debtor failed to respond or participate in the review process. Debtor had the opportunity to supply additional evidence or statements for the KDOL examiner to consider before reaching a

7

determination. He did not do so. He was then sent notice of the agency determination and that he had 14 days to appeal the decision and failed to exercise his appeal rights. As the KDOL explains in its Reply brief, if correspondence is deposited in the U.S. mail to a person's last known address it is presumed that the letter was received. *See* Kan. Stat. Ann. § 44-709(b)(3); *see also, State v. Thrash*, 987 P.2d 345 (Kan. 1999). The evidence shows that the agency followed its regular mailing procedures, mailed the correspondence to Debtor's address of record and did not receive any notice that the items were returned as undeliverable. Debtor's bare assertion that he did not receive any of the correspondence that was mailed to his current address is insufficient to rebut the mailbox rule presumption. *Id.* For all the reasons set forth above, the Court agrees that collateral estoppel should apply to the determination made by the KDOL in the administrative procedure.

### III.  CONCLUSION

After reviewing the entire record, the Court finds that there is no genuine dispute as to the elements of §523(a)(2)(A). The Plaintiff has met its burden of proving that there is no genuine issue of fact and that it is entitled to judgment as a matter of law. Accordingly, the Plaintiff's Motion for Summary Judgment is granted and the debt in the total amount of $12,561.00 (overpayment of benefits and accrued interest), plus costs, is excepted from discharge.

Dated: July 2, 2018            /s/Dennis R. Dow
                               THE HONORABLE DENNIS R. DOW
                               UNITED STATES BANKRUPTCY JUDGE